IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| COURTNEY MICHELLE MOORE,<br><br>Plaintiff,<br><br>-against-<br><br>SANTANDER CONSUMER USA, N.A., JOHN DOE and SNATCH TOWING & RECOVERY, LLC,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, COURTNEY MICHELLE MOORE, ("Plaintiff"), a Georgia resident, brings this Complaint by and through undersigned counsel, against Defendant SANTANDER CONSUMER USA, N.A., Defendant JOHN DOE, and Defendant SNATCH TOWING & RECOVERY, LLC, (collectively, "Defendants").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the events in question took place in Decatur, Georgia.

1

## NATURE OF THE ACTION

3. Plaintiff brings this action after Defendants egregiously breached the peace while attempting to repossess her vehicle, thereby blatantly violating OCGA § 11–9–609(b)(2). Plaintiff also brings a claim Defendant JOHN DOE, and Defendant SNATCH TOWING & RECOVERY, LLC, for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff COURTNEY MICHELLE MOORE is a natural person and a resident of Decatur, Georgia and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant SANTANDER CONSUMER USA, N.A. ("Santander") is an auto financing company headquartered in Dallas, Texas.

7. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Santander is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

8. Upon information and belief, Defendant JOHN DOE is a repossession company, which operates as a repossession 'forwarder'.

9. Upon information and belief, Defendant John Doe is engaged in a business

whose principal purpose is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant John Doe is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant SNATCH TOWING & RECOVERY, LLC, ("Snatch Recovery"), is a repossession company, with its principal place of business in Cairo, Georgia.

12. Upon information and belief, Defendant Snatch Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

13. For purposes of Plaintiff's claims under 15 U.S.C. § 1692f(6), Defendant Snatch Recovery is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

15. Plaintiff owns a 2015 Volkswagen Tiguan (the "Vehicle"), which was purchased through a loan from Defendant Santander.

16. Plaintiff purchased and used the Vehicle for personal, family, and household purposes.

17. Prior to July 21, 2025, Plaintiff fell behind on her payments on the Santander loan after losing her job and suffering financial hardship.

18. The money owed on the Santander loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

19. As a result, Santander contracted with Defendant John Doe to repossess the Plaintiff's Vehicle.

20. Upon information and belief, John Doe does not perform any repossessions itself in Georgia, but contracts with repossession companies to carry out the actual repossessions, a fact which was known to Santander.

21. Upon information and belief, after being contracted by Santander to repossess the Plaintiff's vehicle, John Doe arranged for Defendant Snatch Recovery to carry out the actual repossession.

22. Upon information and belief, after being contracted by John Doe to repossess the Plaintiff's vehicle, Snatch Recovery proceeded to carry out the actual repossession.

23. On or about July 21, 2025, at approximately 9:00 p.m., Plaintiff was leaving a friend's residence in Decatur, Georgia, when she encountered two vehicles and a tow truck blocking her path.

24. Plaintiff immediately entered the Vehicle and attempted to back out of her friend's private driveway.

25. At that point, the tow truck suddenly moved toward the Vehicle at high speed, causing Plaintiff to fear imminent collision.

26. Plaintiff attempted to drive forward to escape, but a second vehicle backed up directly in front of the Vehicle, blocking her path.

27. With the Vehicle blocked in both front and rear, Plaintiff was forced to stop and put the Vehicle in park.

28. One individual ("Defendants' repo agent") exited a vehicle and approached Plaintiff, shouting and creating a threatening environment.

29. Plaintiff immediately objected to the repossession and told Defendants' repo agent that he could not take the Vehicle.

30. During the confrontation, Defendants' repo agent opened the passenger-side door, jumped into the Vehicle, violently grabbed for the Plaintiff's keys, and forcibly removed the keys from a keychain attached to Plaintiff's wrist.

31. In fear for her safety, and believing that she had just been assaulted, Plaintiff contacted Bainbridge Police Department.

32. Upon their arrival, Plaintiff informed responding officers that Defendants' repo agent physically assaulted her and forcibly took her keys.

33. When questioned, Defendants' repo agent admitted to taking the keys and

admitted that he did not possess judicial order authorizing seizure of the Vehicle.

34. Responding officers then ordered Defendants' repo agent to exit the Vehicle.

35. In response, Defendants' repo agent became aggressive and started yelling at the officer until he was placed in handcuffs and secured the patrol vehicle.

36. Plaintiff was permitted to leave the scene with the Vehicle.

37. Despite Plaintiff's clear, repeated, and unequivocal objections, Defendants' repo agent continued attempting to repossess the Vehicle in conscious and reckless disregard of Plaintiff's rights and safety.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*
### (Against John Doe and Snatch Recovery)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Plaintiff brings this Count against Defendants John Doe and Snatch Recovery.

40. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

41. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

42. Under OCGA § 11–9–609(b)(2), a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

43. At the time of repossession and disablement, Plaintiff was actively and unequivocally objecting to the repossession both orally and physically, preventing the Defendants' repo agent from being able to repossess her vehicle without breaching the peace. *See, Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461, 452 S.E.2d 208, 213 (1994) ("the unequivocal oral protest of the defaulting debtor eliminates self-help repossession as a lawful alternative for the secured party").

44. In attempting to repossess Plaintiff's vehicle, Defendants' repo agent breached the peace by: (a) aggressively approaching Plaintiff while shouting and creating a threatening environment; (b) forcibly entering Plaintiff's occupied Vehicle; (c) violently grabbing and tearing the keys from Plaintiff's wrist; (d) continuing with the repossession over the Plaintiff's oral and physical objections; and (e) acting aggressively and violently, including toward the responding law enforcement officer.

45. As a result, Defendants did not have the present right to possession of Plaintiff's vehicle once they breached the peace, and were prohibited from repossessing it at that time.

46. Moreover, after committing these breaches of the peace during the repossession of the Plaintiff's vehicle, the Vehicle was clearly exempt from repossession.

47. As a result, Defendants violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's vehicle on July 21, 2025.

48. By unlawfully attempting to repossess Plaintiff's vehicle in violation of the FDCPA, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, by subjecting Plaintiff to unfair, or unconscionable means to collect a debt, and by depriving Plaintiff of the loss of the right to pre repossession judicial process.

49. Defendant's illegal activity also harmed Plaintiff by causing her to suffer fear for her safety, physical pain, anger, anxiety, wasted time, emotional distress including loss of sleep, frustration and embarrassment.

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual

damages, costs and attorneys' fees.

## COUNT II
## UNLAWFUL BREACH OF THE PEACE
## OCGA § 11–9–609(b)(2) *et seq.*
## (Against All Defendants)

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. Plaintiff brings this Count against all Defendants.

53. Georgia law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace. OCGA § 11–9–609(b)(2).

54. On or about July 21, 2025, Defendants breached the peace by: (a) aggressively approaching Plaintiff while shouting and creating a threatening environment; (b) forcibly entering Plaintiff's occupied Vehicle; (c) violently grabbing and tearing the keys from Plaintiff's wrist; (d) continuing with the repossession over the Plaintiff's oral and physical objections; and (e) acting aggressively and violently, including towards the responding law enforcement officer.

55. As a result, Defendants did not have the present right to possession of Plaintiff's vehicle once they breached the peace, and were prohibited from repossessing it at that time.

56. As a result, Defendants violated OCGA § 11–9–609(b)(2) when they

attempted to repossess the Plaintiff's vehicle on July 21, 2025.

57. By unlawfully attempting to repossess the Plaintiff's vehicle on July 21, 2025, in violation of OCGA § 11–9–609(b)(2), Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt and by subjecting her to unfair and unconscionable means to collect a debt.

58. Defendant's illegal activity also harmed Plaintiff by causing her to suffer fear for her safety, physical pain, anger, anxiety, wasted time, emotional distress including loss of sleep, frustration and embarrassment.

59. By reason thereof, Defendants are also liable to Plaintiff for judgment that Defendants' conduct violated OCGA § 11–9–609(b)(2), statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III
## WRONGFUL REPOSSESSION
### (Against All Defendants)

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Plaintiff brings this Count against all Defendants.

62. Georgia law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves a breach of the peace.

OCGA § 11–9–609(b)(2).

63. On or about July 21, 2025, Defendants breached the peace by: (a) aggressively approaching Plaintiff while shouting and creating a threatening environment; (b) forcibly entering Plaintiff's occupied Vehicle; (c) violently grabbing and tearing the keys from Plaintiff's wrist; (d) continuing with the repossession over the Plaintiff's oral and physical objections; and (e) acting aggressively and violently, including towards the responding law enforcement officer.

64. As a result, Defendants violated OCGA § 11–9–609(b)(2) when they attempted to repossess Plaintiff's vehicle on July 21, 2025.

65. By breaching the peace in attempting to repossess Plaintiff's vehicle on July 21, 2025, Defendants committed the tort of wrongful repossession. *See, Borden v. Pope Jeep-Eagle, Inc.*, 200 Ga. App. 176, 179, 407 S.E.2d 128, 131 (1991) ("wrongful repossession occurs when a repossession is accompanied by a wrongful act, which shall mean an act that is in contravention of some legal duty owed to the party from whose possession the vehicle is being taken").

66. By illegally attempting to repossess Plaintiff's vehicle on July 21, 2025, in violation of OCGA § 11–9–609(b)(2), Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's

inappropriate attempts to collect a debt and by subjecting her to unfair and unconscionable means to collect a debt.

67. Defendant's illegal activity also harmed Plaintiff by causing her to suffer fear for her safety, physical pain, anger, anxiety, wasted time, emotional distress including loss of sleep, frustration and embarrassment.

68. By reason thereof, Defendants are also liable to Plaintiff for judgment that Defendants wrongfully repossessed the Plaintiff's vehicle, statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff actual damages incurred;

    (b)    awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    awarding Plaintiff punitive damages;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff such other and further relief as this Court

may deem just and proper.

Dated: January 27, 2026

*/s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**