**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **COURTNEY MICHELLE MOORE,** | ) | |
| | ) | 1:26-cv-00013-WLS |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CONSENT PROTECTIVE ORDER AND ESI PROTOCOL** |
| **SANTANDER CONSUMER USA, N.A.; LOCATION SERVICES, LLC; and SNATCH TOWING & RECOVERY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

In order to preserve and maintain the confidentiality of certain confidential documents and information to be produced in this matter, the production of confidential information shall proceed as follows:

The term "Confidential Information" shall refer to any information that a party reasonably believes constitutes, reflects, discloses, or contains:

(a) "Trade secret or other confidential research, development, or commercial information" that is suitable for protection pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Georgia state law; or

(b) Information that may be protected from disclosure pursuant to a

party's or individual's constitutional or statutory right to privacy, such as personal identifying information.

The term "Electronically Stored Information" ("ESI") means information that is stored in an electronic medium and includes documents existing in electronic form at the time of collection, including but not limited to: email, word processing files (e.g., Microsoft Word), computer presentations (e.g., PowerPoint), spreadsheets (e.g., Excel), image files (e.g. PDF, AutoCAD, DWG, DXF, and PDS), text messages (including iMessages, SMS, and messages sent via platforms such as WhatsApp, Microsoft Teams, Signal, Telegram, and Slack), and accounting materials.

1. No party may designate something as confidential if it is publicly available or if the document is or has been released by a party to another party without designating the document as confidential; provided, however, inadvertent or other release of a document without designating the document as such may be cured by providing the other party written notice of the specific document that should have been so designated.

2. The parties shall designate in good faith particular documents as "Confidential Materials" by labeling such documents "Confidential." The parties shall have a reasonable time to inspect and designate as "Confidential Materials"

documents sought from third parties. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

3. Confidential Information must be designated by:

(a) Typing, stamping, or imprinting upon the document the following words: "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" in a conspicuous manner on each page; and

(b) Affixing the label or stamping or printing the words so that it does not obscure any information contained therein or interfere with document scanning and optical character recognition.

4. All information and documents designated as confidential shall be treated as Confidential Information unless this Court determines otherwise.

5. Any documents containing or reflecting the substance of any Confidential Information shall be accorded the same status of confidentiality as the underlying Confidential Information and shall be subject to this Protective Order. No party, however, will be required under any circumstances to disclose their attorney work product to any person or entity outside of the protection of their attorney-client privilege.

6. Confidential Information shall be used solely for the purposes of this case. Confidential Information may be disclosed only to the following individuals or entities, and shall not be used, shown, revealed, disseminated, copied, discussed, or disclosed in any manner or in any form, to any person, entity or judicial tribunal other than:

(a) This Court and court personnel including court reporters retained by the parties and personnel in the office of the Clerk of Court;

(b) Counsel representing the parties;

(c) Personnel of counsel representing the parties;

(d) The parties, including employees or representatives of the parties participating in the preparation of this action for trial;

(e) Witnesses in the case that will be or have been deposed or that may be utilized at trial and who have a need to know such information for purposes of questioning and preparation; and

(f) Experts, consultants, or professional advisors and persons regularly employed in their offices retained by a party or a party's counsel to assist in the prosecution or defense of this Action, but only to the extent necessary for such person to perform their assigned tasks in connection with this Action.

7. The Parties agree that Confidential Information and ESI, nor any portion thereof, received from another party in this matter shall not be uploaded, submitted, transmitted, or otherwise disclosed to any publicly available, open-sourced, or privately operated artificial intelligence tools, including generative artificial intelligence ("GenAI") tool, machine learning model, service, or similar technology (collectively ("AI Systems"), for any purpose or function. This prohibition includes, but is not limited to ChatGPT, Google Gemini, Claude, CoPilot, Perplexity or similar AI Systems, regardless of whether such system is accessed through web browser, application programming interface, desktop application, mobile application, or any other means. This prohibition shall survive the termination of this litigation and remain in effect until the ultimate destruction of the received material by the receiving party.

8. The Parties further agree that Confidential Information and ESI received from another party in this matter shall not be used to train, fine-tune, or otherwise improve any artificial intelligence or machine learning models.

9. Nothing in this provision shall restrict or prohibit the use of (i) technology-assisted review ("TAR"), analytics, or similar review workflows, or (ii) secure, enterprise-grade AI tools (including, for example, Relativity aiR, Everlaw AI) that are designed for legal review and that do not use submitted data to train or

improve publicly available modes and otherwise maintain the confidentiality of all inputs in accordance with applicable obligations.

10. Confidential Information shall not be shown or disclosed to persons described in paragraph 5(f) until that person is shown this Protective Order and signs and dates the agreement set forth in Appendix A of this Protective Order.

11. Copies of the signed agreement(s) set forth in Appendix A shall be maintained in the possession, custody, and control of the attorney for the party receiving the Confidential Information for six (6) months following the conclusion of this case. At any time during the six (6) months following the conclusion of this case, the party producing the Confidential Information in this litigation may request that counsel disclose the signed copies of Appendix A agreements in their possession if just cause arises to believe a breach of this Order has occurred at any time prior to the conclusion of this case. If the receiving party's counsel disputes the request from the producing party to disclose the copies of the signed agreements prior to the termination of this action, the producing party may seek a Court Order requiring counsel to disclose such signed copies to them or to the Court.

12. All persons who receive Confidential Information and/or material or information accorded the status of confidentiality in this action shall:

(a) Maintain the confidentiality of such material and information in

accordance with the terms of this Protective Order; and

(b) Not release or disclose the Confidential Information or the substance or contents thereof.

13. Copies of discovery responses and documents containing Confidential Information shall not be filed with the Court except in accordance with Paragraph 11 herein.

14. In the event that any document, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, answer to request for production, documents and/or exhibits accompanying a document request or answer, request for admission or response thereto, motion, memorandum, affidavit, brief, or any other submission by any party is filed with the Court which includes, incorporates, or quotes Confidential Information, the filing party shall submit the Confidential Information under seal pursuant to the requirements set forth in Paragraph 12 herein. The Confidential Information shall remain sealed unless otherwise ordered by this Court.

15. In the event documents, things, and information designated as Confidential are used and referred to in these proceedings, such materials, transcripts or other things shall be filed in accordance with the Court's procedures for filing confidential documents.

16. In the event that any Confidential Information is used in the taking of depositions, such Confidential Information shall remain subject to the provisions of this Protective Order. At the time any Confidential Information is used in any deposition, the party seeking to use the Confidential Information must inform the reporter of this Protective Order. Any other party's counsel may also so inform the reporter. The reporter shall operate in a manner consistent with this Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing Confidential Information as follows:

> THIS DEPOSITION CONTAINS CONFIDENTIAL MATERIALSAND/OR CONFIDENTIAL INFORMATION THAT IS SUBJECT TO A PROTECTIVE ORDER OF THIS COURT. THIS DEPOSITION AND ANY EXHIBITS ATTACHED THERETOSHALL NOT BE DUPLICATED FOR ANY PERSON AND/OR ENTITY OTHER THAN THE PARTY'S COUNSEL OF RECORD IN THIS CASE OR PURSUANT TO WRITTEN PERMISSION GIVEN BY THE PARTY'S COUNSEL OR BY COURT ORDER.

17. The parties may designate depositions or other testimony concerning the documents and the information contained therein as Confidential Information by:

(a) Stating orally on the record the day the testimony is given that the information is expected to be confidential; and

(b) Sending written notice designating by page the portions of the transcript of the deposition or other testimony to be treated as confidential within thirty (30) days after receipt of the transcript. The reporter shall operate in a manner consistent with this Protective Order and shall prepare a separate transcript containing the confidential portions of the deposition, including documents and other exhibits containing Confidential Information.

18. Any party may move the Court to impose further limitations upon the disclosure of specific information if such party deems those limitations are warranted under certain circumstances provided the motion meets the standards set forth for motions for protective orders prescribed by Federal Rule Civil Procedure 26. Likewise, any party may move the Court to relieve it from limitations if such party deems that relief is warranted under certain circumstances.

19. Nothing in this Protective Order shall prevent any disclosure if the party designating the information as confidential consents in writing to such disclosure.

20. The execution of this Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

21. Any party may challenge the confidential designation of any document/information at any time. If a party disagrees with any confidential designation, the parties shall attempt to resolve the dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the contesting party may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as Confidential Information. The party seeking to maintain its confidential designation shall bear the burden of proof that the subject documents and/or information are entitled to confidentiality. Any information as to which such Motion is made shall remain Confidential Information under the provisions of this Protective Order until further Order of the Court.

22. Nothing contained in this Protective Order shall prevent a party to this action from using its own Confidential Information and material in any way that it sees fit, or from revealing its own Confidential Information and material to whomever it chooses, without prior consent of any person or of the Court.

23. Within sixty (60) days after the final termination of this action, either by court order, dismissal, settlement, or a final adjudication of this action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs, all materials received that were designated "Confidential," or Confidential

Information shall immediately be deleted and any paper copies of such material destroyed. All persons who possessed such materials shall verify their deletion or destruction by declaration. Notwithstanding this provision, counsel may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

24. The parties consent to the continuation of jurisdiction and venue of this Court to resolve any disputes arising from the treatment or disposition of Confidential Information after termination of this action.

25. This Protective Order shall not be abrogated, modified, amended, or enlarged except by agreement of the parties or by Order of this Court.

26. This Protective Order does not extend to evidence presented at trial or any hearing. Nothing contained herein shall restrict the presentation of any evidence, including Confidential Information, to a jury or the Court during a trial or other hearing of this action.

27. Any documents (including briefs), tangible things, or information

designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's procedures for Electronic Filing Under Seal in Civil Cases.

28. If counsel of record and/or any person to whom counsel of record has provided documents, things, and information designated as Confidential receive a subpoena or court order calling for the production and/or disclosure of such Confidential Information, they shall immediately notify counsel of record for the producing party by telephone and shall provide by facsimile transmission or e-mail a copy of such subpoena or court order.

IT IS SO **ORDERED** on this 5th day of August, 2026.

W. Louis Sands

U.S.D.J.

CONSENTED TO:

/s/ Yitzchak Zelman
Yitzchak Zelman
Marcus & Zelman, LLC
*Admitted Pro Hac Vice*
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@MarcusZelman.com
Counsel for Plaintiff

/s/ John C. Rogers
John C. Rogers
Georgia State Bar No. 612741
155 Beverly Road
Atlanta, GA 30309-2655
(404) 313-2744
JohnCRogers1776@gmail.com
Counsel for Defendant
Location Services, LLC

/s/ Jason W. Hammer
Jason W. Hammer
Georgia State Bar No. 147652
Lueder Larkin & Hunter, LLC
3348 Peachtree Street, Suite 1050
Atlanta, GA 30326
(404) 480-3980
jhammer@luederlaw.com
Counsel for Defendant
Snatch Towing & Recovery, LLC

/s/ George G. Robertson
George G. Robertson
Georgia State Bar No. 137995
Holland and Knight
811 Main Street, Suite 2500
Houston, TX 77002
(713) 821-7000
george.robertson@hklaw.com
Counsel for Defendant
Santander Consumer USA Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **COURTNEY MICHELLE MOORE,** | ) | |
| | ) | 1:26-cv-00013-WLS |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SANTANDER CONSUMER USA, N.A.; LOCATION SERVICES, LLC; and SNATCH TOWING & RECOVERY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**APPENDIX "A" TO PROTECTIVE ORDER**

I, ______________________________, certify that I have read the Protective Order entered m the captioned civil action, and further certify that I fully understand the procedural and substantive requirements of that Protective Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information, and/or discovery subject to that Protective Order, and as a condition for such access, I hereby:

- Certify that I am entitled to receive the Confidential Information pursuant to the Protective Order;
- Understand that I am personally bound by, and subject to, all of the terms and provisions of the Protective Order; and

- Subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Protective Order.

________________________________
Signature

________________________________
Print Name